UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DEZMINE WELLS,** | : | Case No. 1:13-CV-575 |
| **Plaintiff,** | : | (Judge Spiegel) |
| vs. | : | **DEFENDANTS' PROPOSED DISCOVERY PLAN (RULE 26(f) REPORT)** |
| **XAVIER UNIVERSITY, et al.,** | : | |
| **Defendants.** | : | |

The parties, by and through counsel, conducted their discovery conference on October 11, 2013. Counsel subsequently exchanged multiple drafts of a Joint Discovery Plan. Despite their best efforts, they were unable to reach agreement on a Joint Plan. Accordingly, no Joint Plan is submitted. Instead, Defendants submit the below Proposed Discovery Plan.

**A.    MAGISTRATE CONSENT**

☐    unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

☒    do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

☐    unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28U.S.C. §636(c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**B.    RULE 26(a) DISCLOSURES**

☐    The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒    The parties will exchange their initial disclosures on or before January 10, 2014, with the exception of disclosures related to the Office of Civil Rights investigation and prior disciplinary hearings involving other Xavier University students. These disclosures, if necessary/required, shall be made within 28 days of the Court's decision on the Motion to Dismiss, which date shall be referred to as the "Key Date" for purposes of this report.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

**C.** **<u>DISCOVERY ISSUES AND DATES</u>**

1. Discovery will need to be conducted on the issues of: the parties' claims and defenses as set forth in the pleadings.

2. The parties recommend that discovery

 ☒ need not be bifurcated.

 ☐ should be bifurcated between liability and damages.

 ☐ should be bifurcated between factual and expert.

 ☒ Defendants contend discovery should be limited in some fashion or focused upon particular issues which relate to the claims and defenses remaining after the ruling on the pending Motion to Dismiss. As noted in Section B above, Defendants do not believe initial disclosures and discovery are appropriate with regard to the Office of Civil Rights investigation and prior disciplinary hearings involving Xavier University students which they believe relate solely to the gender bias claims of Title IX and adversely and severely affect the privacy rights of non-party students. Plaintiff does not believe that the resolution of Defendants' Motion to Dismiss will limit discovery.

3. Disclosure and report of Plaintiff(s) expert(s) within two hundred forty (240) days of the "Key Date" with the expert(s) to be made available for deposition within fourteen (14) days thereafter.

4. Disclosure and report of Defendant(s) expert(s) within two hundred ninety (290) days of Key Date with expert(s) to be made available for deposition within fourteen (14) days thereafter.

5. Disclosure and report of rebuttal expert(s) within three hundred thirty four (334) days of Key Date with any rebuttal expert(s) to be made available for deposition within fourteen (14) days thereafter.

6. Disclosure of non-expert (fact) witnesses within three hundred twenty (320) days after Key Date.

7. Discovery cutoff will occur three hundred sixty five (365) days after Key Date.

    8.      Anticipated discovery problems

        ☒    Defendants anticipate discovery problems related to the privacy rights granted to students by federal and state law and, as noted earlier in Sections B and C(2), the scope of discovery in general. Plaintiff agrees that an appropriate confidentiality order should be executed to protect such privacy rights.

        ☐    None.

**D.    LIMITATIONS ON DISCOVERY**

    A.    Changes in the limitations on discovery

        ☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to_____.

        ☐    Extension of number of depositions (currently 10) permitted to _____.

        ☐    Extension of number of interrogatories (currently 25) to _____.

        ☐    Other: _____.

        ☒    None.

**E.    PROTECTIVE ORDER**

    ☒    A protective order will likely be submitted to the Court on or before November 15, 2013, or shortly thereafter.

    ☐    The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.    SETTLEMENT**

A settlement demand ☐ has ☒ has not been made.

A response ☐ has ☐ has not been made.

A demand can be made by _____

A response can be made by _____

3

**G.    MOTION DEADLINES**

      1.      Motion to amend the pleadings and/or add parties by __N/A____.

      2.      Motions relative to the pleadings by  by __N/A____.

      3.      Dispositive motions by 30 days after cutoff of discovery.

**H.    OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

      Respectfully submitted,

      /s/ K. Roger Schoeni
      K. Roger Schoeni (0004812)
      Rebecca L. Cull (0083542)
      Kohnen & Patton, LLP
      201 East Fifth Street
      PNC Center, Suite 800
      Cincinnati, OH  45202
      Phone:  (513) 381-0656/Fax: (513) 381-5823
      email:  rschoeni@kplaw.com
      rcull@kplaw.com
      Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served electronically via the Court's ECF system this 6th day of November 2013 upon:

Peter R. Ginsberg, Esq.
Peter R. Ginsberg Law, LLC
12 East 49th St., 30th Floor
New York, NY 10017

Merlyn D. Shiverdecker
817 Main St., Suite 200
Cincinnati, OH 45202

Attorneys for Plaintiff                    /s/ K. Roger Schoeni
                                           K. Roger Schoeni