# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DEZMINE WELLS, | : | Case No. 1:13-CV-575 |
| | : | |
| Plaintiff, | : | (Judge Spiegel) |
| | : | |
| vs. | : | **AGREED PROTECTIVE ORDER FOR** |
| | : | **THE PROTECTION OF** |
| XAVIER UNIVERSITY, et al., | : | **CONFIDENTIAL INFORMATION** |
| | : | |
| Defendants. | : | |

Documents and information produced by a party in this litigation may be confidential and proprietary in nature. The revealing or dissemination of confidential documents or information by whatever means creates a risk that the documents or information will be obtained and used in a manner which would damage the interests of that party or another entity not a party to this action. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following protective conditions shall apply to the conduct of discovery of proprietary or confidential information in this litigation.

1. All documents and information produced by the parties in this litigation and labeled "confidential" shall be maintained confidentially and used solely for the purposes of this action. This Agreed Order shall have no application to any information or document not so labeled.

2. If the Producing Party believes that a document and/or information to be given or produced to the Receiving Party is confidential, the Producing Party may mark the document, article, or thing containing such information with the designation:

**CONFIDENTIAL**

Each page of multiple page documents shall separately be marked confidential.

3. Access to and disclosure of information and/or documents designated as confidential pursuant to this agreement shall be limited to:

    (a) the Court (including court personnel and court reporters);

    (b) the parties;

    (c) trial counsel of the Receiving Party and their respective staffs as well as insurance representatives;

    (d) deponents, if the confidential information is relevant to their involvement; and

    (e) experts or consultants of the Receiving Party whose advice and consultation are being or will be used in connection with preparation for trial or trial of this case.

Each such expert or consultant shall execute a Non-Disclosure Agreement in the form annexed hereto prior to the disclosure of any information and/or documents designated as confidential. A copy of each executed Non-Disclosure Agreement shall be provided to each party's legal counsel upon request, unless the identity of the expert or consultant constitutes privileged work product. If the identity of the expert or consultant constitutes privileged work product, then each party's legal counsel shall, upon request, certify that the unnamed consultant was provided with and executed a Non-Disclosure Agreement in the form annexed hereto. It is specifically understood and agreed to between the parties that any confidential materials so designated pursuant to this Agreed Protective Order are to be used only for the specific purposes of this litigation and not for the business purposes or intentions of the various parties. Violation of this Agreed Protective Order shall subject the violating party to sanctions, Court costs, attorney's fees incurred by the offended party, and actual damages sustained by the offended party for which this Court shall retain jurisdiction.

2

4.  In the event that the Receiving Party disagrees with any confidential designation by the Producing Party, the Receiving Party shall continue to treat the materials as confidential and subject to this order unless the Producing Party agrees or the Court orders that the materials are not confidential. The parties will try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief. Neither party shall be obligated to challenge the propriety of a particular designation, and a failure to do so shall not constitute an admission that any item or information is, in fact, confidential or preclude a subsequent challenge to the propriety of such designation.

5.  Nothing in this Protective Order shall be deemed a waiver of the producing party's right to (a) oppose discovery on grounds other than the discovery sought constitutes or contains Confidential Information, (b) seek further or other protection than that which this Protective Order proscribes with respect to Confidential Information, or (c) object on any ground to the admission in evidence, at any trial, hearing, or public proceeding in this matter, of any type or classification of information produced or disclosed pursuant to this Protective Order. Furthermore, nothing in this Protective Order shall prevent non-parties from asserting their own privacy rights in documents held by the parties, including but not limited to those rights provided by the Family Educational Rights and Privacy Act (20 U.S.C. § 1232g; 34 C.F.R. Part 99) ("FERPA"), nor shall this Protective Order prevent Defendants from fulfilling the obligations and responsibilities regarding student privacy placed on them by FERPA. All persons in possession of Confidential Information shall exercise reasonable and appropriate care with respect to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of such type or classification of information is maintained.

6. Confidential documents and information previously produced by a party shall be reproduced by the Receiving Party only when necessary for a specific purpose related to this action.

7. The parties shall not file under seal any motion, memorandum, or other brief in its entirety. To the extent that a motion, memorandum, or brief to the Court contains any "Confidential" or "Subject to Protective Order" material, a party may move that the document be filed in redacted form, redacting only the "Confidential" or "Subject to Protective Order" material, and that the unredacted version be filed under seal. Such motion may be granted upon a showing of good cause. Any folder, envelope or other device used to seal such documents shall bear the notation "DOCUMENTS UNDER SEAL."

8. In the event that any such document and/or information is the subject of witness examination at a deposition, hearing, trial, or other proceeding held in connection with this case, it shall be noted on the record that all examination and testimony pertaining thereto shall be considered confidential and the pages of any transcript thereof so designated. To the extent that any of those present are not designated persons as defined herein, or are designated persons who have not previously been shown this Agreed Protective Order, the applicable provisions of this Order shall be carried out.

9. All parties, after having complied with the local rules, shall submit to the U.S. District Court, Southern District of Ohio, for resolution any disputes regarding this Agreed Order and any proposed modification or enforcement of it, and no party hereby waives its rights to a judicial hearing nor the rights afforded the party under the Federal Rules of Civil Procedure.

10. The ultimate disposition of confidential materials is subject to a final order of the Court on the completion of litigation, following exhaustion of appeals. Unless otherwise directed

by the Court, the parties agree that counsel herein shall collect and return all original and reproduced confidential documents and information to the party originally producing such documents and information or attest by written confirmation to their destruction, subject to the continuing obligations of this Agreed Order. Counsel shall either turn over to the party originally producing documents and information or destroy all copies, notes, abstracts, or summaries of said documents and information, and shall secure the return of all confidential documents and information from those designated persons to whom such documents and information were in any way made available, as well as from those persons not designated herein to whom such documents and information were made available pursuant to the written consent of the parties. Counsel shall ascertain that all such copies, notes, summaries or abstracts of documents and information in the possession of designated persons shall have been returned or destroyed. Counsel shall include in the aforementioned written confirmations a description in detail of the manner of destruction, and certify that all documents and information have been returned or destroyed, and that all copies, notes, summaries, abstracts or other similar reproductions of documents or information have been returned or destroyed.

11. The provisions of this Order shall survive the final termination of this litigation with respect to any retained confidential information. To the extent that compliance with the provisions of this Order shall appear to present practical obstacles to the expeditious trial of this matter, the parties shall use their best efforts to insure the protection of the documents and information and shall also attempt to reach an accommodation respecting any terms hereof.

12. Nothing in this Protective Order shall prevent any party from seeking amendments broadening or restricting the right to access to, or the use of, Confidential Information or otherwise modifying this Protective Order.

13. Nothing in this Order shall be construed to diminish the obligations that any party (or any past or present principal, officer, director, agent or employee of any party) owes or may owe to a party or producing non-party pursuant to any other agreement, Order or applicable law, including but not limited to any obligations and responsibilities owed to parties and non-parties under the Family Educational Rights and Privacy Act (20 U.S.C. § 1232g; 34 C.F.R. Part 99).

14. This Order may be modified by the parties or the Court for just cause.

**SUBJECT TO FURTHER ORDER OF THE COURT.**

**SO ORDERED.**

Date: _____

S. Arthur Spiegel
United States Senior District Judge

/s/ K. Roger Schoeni
K. Roger Schoeni (0004812)
Rebecca L. Cull (0083542)
Kohnen & Patton, LLP
201 East Fifth Street
PNC Center, Suite 800
Cincinnati, OH 45202
Phone: (513) 381-0656
Fax: (513) 381-5823
email: rschoeni@kplaw.com
rcull@kplaw.com
Attorneys for Defendants

/s/ Peter R. Ginsberg (per email authorization)
Peter R. Ginsberg, Esq.
Peter R. Ginsberg Law, LLC
80 Pine Street, 33rd Floor
New York, NY 10005

Merlyn D. Shiverdecker, Esq.
817 Main St., Suite 200
Cincinnati, OH 45202
Attorneys for Plaintiff

## NON-DISCLOSURE AGREEMENT

The undersigned represents that he/she has been engaged as a consultant or expert on behalf of _____ in the matter styled: *Dezmine Wells v. Xavier University, et al.,* U.S. District Court, Southern District of Ohio, Case No. 1:13-CV-575. I represent that I have been provided a complete copy of the parties' Agreed Protective Order, that I have read and understand the same, and that I will abide by and obey all terms contained therein.

Date:_____    _____
                                  Signed

                                 _____
                                 Name (Print or Type)