UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEZMINE WELLS, | : | |
| | : | |
| Plaintiff, | : | NO: 1:13-CV-00575 |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| XAVIER UNIVERSITY, et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Partial Motion to Dismiss (doc. 12), Plaintiff's Response in Opposition (doc. 15), and Defendants' Reply (doc. 18). For the reasons indicated herein, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

**I. Background**

Plaintiff Dezmine Wells is a former student athlete at Defendant Xavier University ("Xavier"); he was a member of the Xavier men's basketball team during the 2011-2012 season (doc. 7). In July 2012 Plaintiff alleges he was falsely accused of sexual assault by his resident advisor, a female upper-classman (Id.).

Plaintiff alleges the allegations against him came within the context of Xavier's recent mishandling of sexual assault allegations that triggered an investigation in January 2012 by the United States Department of Education's Office of Civil Rights ("OCR") (Id.). OCR's investigation focused on the allegation that Xavier allowed a male student accused of sexual assault of two

women to remain on campus (Id.).  In February, OCR opened yet another investigation with regard to a third alleged sexual assault case (Id.).  Ultimately Xavier and OCR entered into an agreement so as to establish training and reporting programs to address sexual assault and harassment on campus (Id.).

Plaintiff essentially alleges that Defendants Xavier and its President Defendant Father Graham, ("Graham") made him into a scapegoat so as to demonstrate a better response to sexual assault (Id.).  He alleges, however, that his conduct with his resident advisor was entirely consensual (Id.).

Plaintiff alleges that he and other students gathered in the early morning hours of July 7, 2012, and played the game "truth or dare," which involved many dares that were sexual in nature (Id.).  Plaintiff alleges that during the game his resident advisor exposed her breasts, removed her pants, gave him a "lap dance," and kissed him several times (Id.).  He further alleges that later in the evening, the resident advisor invited him to her room, where she asked him whether he had a condom, and where they both willingly engaged in a sexual encounter (Id.).  Plaintiff alleges multiple witnesses who saw the resident advisor shortly thereafter indicated her demeanor was completely normal (Id.).

Plaintiff alleges that later that day the resident advisor claimed to campus police that Plaintiff had raped her (Id.).  An examination at University Hospital showed no trauma as

2

a result of the sexual encounter (Id.).  The alleged victim allegedly told Cincinnati Police she did not want to press charges against Plaintiff (Id.).  The Hamilton County Prosecuting Attorney later investigated, allegedly doubted the rape accusations against Plaintiff, and attempted to communicate his doubts to Defendant Graham, who did not answer messages (Id.).

Despite the Prosecuting Attorney's request to Defendant Graham to hold off on any campus proceedings pending the outcome of his official investigation, the Xavier University Conduct Board ("UCB") held a hearing on August 2, 2012[1] (Id.).  Plaintiff alleges the UCB failed to follow university policies for disciplinary proceedings, conducted an unfair hearing, and defamed Plaintiff (Id.).  Xavier announced Plaintiff was found responsible by the UCB for a "serious violation" of the Code of Student Conduct and that he would be expelled (Id.).

Plaintiff seeks to have the UCB decision vacated, as well as actual and punitive damages (Id.).  In his Amended Complaint, Plaintiff brings eleven claims for relief:  1) breach of contract (the college Handbook); 2) intentional infliction of emotional distress; 3) libel per se, injury to personal reputation; 4) libel per se, injury to athletic and professional reputation; 5) libel,

---

[1] Defendants indicate in their Reply (doc. 18) that Plaintiff incorrectly suggests the Prosecutor's request came before the UCB hearing, when in fact, it came later.  In the context of this motion to dismiss, the Court takes Plaintiff's allegations as true.

3

reckless disregard/malice; 6) libel per quod; 7) vacatur of the arbitration decision based on arbitrator's partiality; 8) vacatur of the arbitration decision based on the arbitrator's misconduct; 9) violation of Title IX/discrimination on basis of sex; 10) violation of Title IX/deliberate indifference; and 11) Negligence (Id.).

In the instant Motion to Dismiss brought by Xavier and Graham, Defendants contend Plaintiff's third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth claims for relief should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 12). Defendants also deny the remaining claims, but express the intent to attack those claims when procedurally appropriate (Id.). Plaintiff has responded, conceding his seventh and eighth claims, but defending the balance of his Amended Complaint (doc. 15). Defendants have replied (doc. 18), such that this matter is ripe for the Court's consideration.

**II. Motion to Dismiss Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v.

4

Pardus, 551 U.S. 89 (20057). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly*, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950.

5

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint…must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Discussion**

**A. Libel Claims**

Defendants first attack Plaintiff's claims premised on libel, counts three through six (doc. 15). Under Ohio law to

establish a libel claim, a Plaintiff must show 1) a false statement, 2) defamatory to Plaintiff, 3) published to a third party, 4) by a Defendant who was at least negligent, and 5) damage to Plaintiff's reputation. Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 312 (6th Cir. 2000). Defendants contend the statement they issued was true, such that Plaintiff cannot show the first element of libel, falsity. Defendants' statement follows:

> The Xavier University Conduct Board (UCB), made up of faculty, students and administrators, found Xavier sophomore and basketball player Dezmine Wells responsible for a serious violation of the Code of Student Conduct. The punishment for the violation is expulsion from the University. While we understand there is heightened interest in this situation because it involves a student-athlete, we must reiterate that first and foremost Xavier's interest and responsibility to all of our students is to provide a quality education in a safe and nurturing environment. A serious violation of Xavier's Code of Student Conduct will not be tolerated. All Xavier students are subjected to the same protections and consequences. Because of Federal privacy law restrictions, no additional comments may be made in order to protect the privacy of those involved, and to honor the integrity of the UCB process.

In Plaintiff's view the above statement constitutes libel because he did not commit a violation, serious or otherwise, such that the statement is inherently false (doc. 15). Moreover, in Plaintiff's view everyone knew the statement referred to alleged sexual assault so that at the very minimum it qualified as libel per quod, that is, libel by implication (Id.).

When faced with a motion to dismiss, the Court is required to take Plaintiff's plausible allegations as true. Here, Plaintiff alleges the university's statement has marked him as a

7

person kicked out of school for a serious violation, that everyone understood meant sexual assault. The Court finds the allegation plausible that Defendant's statement in context amounts to an untruth, should the balance of Plaintiff's allegations be taken as true: that the conduct board was ill-equipped to conduct a hearing on such a serious matter, that outside government authorities questioned the outcome, and that press coverage demonstrates damage to his reputation.

The Court finds this a close call. Indeed, normally judicial and quasi-judicial proceedings are entitled to an absolute privilege, so as to encourage witnesses to speak the truth. 50 Am. Jur. 2d *Libel and Slander* § 280. However, here, Plaintiff essentially alleges the proceedings themselves were invalid, that he was denied the right to a lawyer, denied the opportunity to cross-examine his accuser, and denied character witnesses although his accuser was not. Moreover, it appears to the Court that the UCB here, a body well-equipped to adjudicate questions of cheating, may have been in over its head with relation to an alleged false accusation of sexual assault. Such conclusion is strongly bolstered by the fact that the County Prosecutor allegedly investigated, found nothing, and encouraged Defendant Father Graham to drop the matter. Plaintiff's allegations suggest Graham did not do so due to Xavier's mishandling of other cases that were at nearly the same time, subject to investigation by the OCR. In addition, Plaintiff's allegations raise questions regarding the

UCB's lack of training or experience with interpretation of the results from the hospital. Taken together, the Court finds Plaintiff's alleged facts supporting his libel claims sufficient to survive Defendants' motion to dismiss, because Xavier's statement indicated Plaintiff was guilty of a serious offense meriting expulsion. Defendants are on adequate notice of the theories of libel raised against them.

**B. Vacatur Claims**

Plaintiff concedes in his Response (doc. 15, fn. 4) that his claims for vacatur are barred by the statute of limitations. As such, the Court finds Defendants' motion to dismiss correct in relation to such claims.

**C. Title IX Claims**

Title IX is a federal statute designed to prevent sexual discrimination and harassment in educational institutions receiving federal funding. 20 U.S.C. § 1681. It provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance. . ." 20 U.S.C. 1681(a).

Defendant attacks Plaintiff's ninth and tenth claims for relief, each of which is premised on Title IX. In Plaintiff's ninth claim, he alleges Xavier violated Title IX by reaching an erroneous outcome on the basis of sex; while his tenth claim alleges deliberate indifference on the part of Father Graham (doc.

9

7). Defendants contend Plaintiff's allegations against Father Graham fail because Title IX does not impose individual liability (doc. 12, citing Petrone v. Cleveland State University, 993 F.Supp. 1119, 1125 (N.D. Ohio 1998), Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 730 (6th Cir. 1996)(Nelson, J., concurring)). Plaintiff does not contest such proposition, but responds that the Amended Complaint adequately pleads Title IX claims against Xavier under both erroneous outcome and deliberate indifference theories (doc. 15).

To prevail on an erroneous outcome theory Plaintiff would ultimately need to prove the hearing was flawed due to his gender. Yusuf v. Vassar College, 35 F.3d 709, 715 (2d Cir. 1994). Defendants contend Plaintiff's Complaint fails to adequately allege his gender affected the outcome of the hearing (doc. 12). Plaintiff responds that taken together, his allegations show Defendants were reacting against him, as a male, to demonstrate to the OCR that Defendants would take action, as they had failed to in the past, against males accused of sexual assault (doc. 15).

The Court finds that taking all inferences in favor of Plaintiff, as it is required to do in its consideration of a motion to dismiss, Plaintiff's erroneous outcome theory survives Defendants' challenge. Plaintiff's Complaint puts Defendants on adequate notice that he contends they have had a pattern of decision-making that has ultimately resulted in an alleged false outcome that he was guilty of rape. Whether Plaintiff can unearth

adequate evidence to support such claim against further challenge remains to be seen. His Complaint, however, recounts Defendants having rushed to judgment, having failed to train UCB members, having ignored the Prosecutor, having denied Plaintiff counsel, and having denied Plaintiff witnesses. These actions came against Plaintiff, he contends, because he was a male accused of sexual assault.

Similarly, Defendants attack Plaintiff's Title IX theory based on deliberate indifference. Under this standard Plaintiff must ultimately show that an official of the institution who had the authority to institute corrective measures had actual notice of and failed to correct the misconduct, in this case the alleged defective hearing. Mallory v. Ohio University, 76 Fed. Appx. 634, 640 (6th Cir. 2003).[2] Plaintiff has established that he was found responsible for sexual assault, which is objectively offensive, and which resulted in his expulsion, a deprivation of access to educational opportunity at Xavier. There is no question that

---

[2] A classic case of Title IX deliberate indifference relates to sexual harassment. To establish such a claim according to Defendants, Plaintiff must show: 1) the sexual harassment was so severe, pervasive or objectively offensive that it could be said to deprive plaintiff of access to the educational opportunities or benefits provided by the school, 2) the funding recipient had actual notice of the sexual harassment, and 3) the funding recipient was deliberately indifferent to the harassment. Vance v. Spencer County Public Sch. Dist., 231 F.3d at 253, 258-59 (6th Cir. 2000). Defendants contend Plaintiff fails to raise adequate allegations as to any prong of a deliberate indifference claim. A liberal reading of Plaintiff's Complaint shows he was subjected to unfounded allegations and an unfair process due in part the OCR and his status as a male student accused of assault.

11

Defendants were on notice of Plaintiff's situation.

Defendants rely on Doe v. University of the South, 687 F.Supp.2d 744, 757-58 (E.D. Tenn. 2009), in which the Court rejected such a claim as applied to a challenge of disciplinary proceedings (doc. 18). Although the case in Doe has parallels to the case at bar, the Court finds additional allegations here absent in the Doe matter. Here, a liberal reading of the Complaint shows Plaintiff alleges Defendant Graham knew of the allegations against Plaintiff, and that Defendant Graham ignored warnings from the Prosecutor that such allegations were unfounded. It further alleges Defendant Graham allowed the defective hearing against Plaintiff with the goal of demonstrating to the OCR that Xavier was taking assault allegations seriously. In the Court's view, these allegations are sufficient to put Defendants on adequate notice to the claim that Defendant Graham was deliberately indifferent to Plaintiff's rights.

**IV. CONCLUSION**

Having reviewed this matter, the Court finds Defendants' Motion well-taken as to Plaintiff's Vacatur claims based on the theory that such claims are barred by the statute of limitations, and agrees that Title IX imposes no individual liability on Defendant Graham. The Court rejects the balance of the motion.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Defendants' Partial Motion to Dismiss (doc. 12), such that it DISMISSES Plaintiff's Seventh and Eighth claims for relief, FINDS

Defendant Graham not liable in his individual capacity for any Title IX claims as a matter of law, and it DENIES such motion as to Plaintiff's libel and Title IX claims. This case shall proceed against Defendants on Plaintiff's claims for 1) breach of contract (the college Handbook); 2) intentional infliction of emotional distress; 3) libel per se, injury to personal reputation; 4) libel per se, injury to athletic and professional reputation; 5) libel, reckless disregard/malice; 6) libel per quod; 7) Negligence; and against Defendant Xavier only on Plaintiff's claims for 8) violation of Title IX/discrimination on basis of sex; and 9) violation of Title IX/deliberate indifference.

SO ORDERED.

Dated: March 11, 2014     s/S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge